REQUESTED BY: Dear Senator:
In a letter dated January 9, 1978, you ask this office whether or not the Chambers' amendment to LB 64, found on pages 193 and 194 of the Legislative Journal, are constitutional and secondly, whether or not the language in that amendment insures that one convicted of a Class I felony would serve at least a minimum of thirty years. In a letter addressed to Senator Chambers this day, we have opined that his amendment would accomplish the goal of insuring that one convicted of a Class I felony would serve at least a minimum of thirty years, subject to the power of the Pardon Board to pardon or commute. A copy of that opinion is attached hereto.
Your second question is whether or not the language of the amendment to LB 64, found on page 194 and relating to the restrictions on parole and mandatory discharge from custody, is constitutional. We believe that the amendment and its language is constitutional. In Official Opinion No. 65, dated April 11, 1977, this office indicated in an opinion addressed to Senator Ernest Chambers that a substantially similar amendment to that which you now question was constitutionally defensible. We indicated in that letter, as we do now, that while we cannot reach the categorical conclusion, we do feel that such a condition prescribed by the Legislature would be constitutionally defensible and would not violate Article IV, Section 13, of the Constitution of Nebraska.
To sum up the above, we believe that if the purpose and intent of Senator Chambers' amendment to LB 64, found on pages 193 and 194 of the Legislative Journal, is to guarantee that a person convicted of a Class I felony serve a minimum of thirty years in prison that that purpose and intent is accomplished by that amendment. Secondly, we believe that an attempt by the Legislature to restrict eligibility for parole and final discharge in the case of persons convicted of a Class I felony would be constitutionally defensible.